

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:　　　　　Attention of Mr. Chas. O. Rice

Opinion No. 0-2956
Re: Would the State Treasurer be required
or permitted under Senate Bill 135 to
accept and hold as custodian the addi-
tional deposit mentioned?

Your recent request for an opinion of this department
on the above stated question has been received.

We quote from your letter as follows:

"We are enclosing herewith a letter addressed
to this department by Honorable Walter C. Woodward,
Chairman of the Board of Insurance Commissioners,
under date of November 26, 1940 in regard to deposits
of Mutual Insurance Companies under provisions of
Senate Bill 135 Acts of the Forty-sixth Legislature.

"We kindly ask that you note carefully the con-
tents of this letter and advise us as to whether
or not in your opinion the State Treasurer would be
required or permitted under Senate Bill 135 to ac-
cept and hold as custodian the additional deposit
to which reference is made in the Banking Commission-
er's letter." (Underscoring ours)

The letter of Honorable Walter C. Woodward, chairman
of the Board of Insurance Commissioners attached to your letter
reads as follows:

"In promulgating rules and regulations for the
purpose of carrying out the purposes of Senate Bill
135, the Board of Insurance Commissioners, by author-
ity delegated to it under Section 25, issued an
official order which reads in part as follows:

"'The first annual premium paid by a new member, or assessments paid in the first year by such new member, may be considered as a membership fee, but in such case the association is required to pay out of the Expense Fund all claims occurring on policies in their first year.'

"It now becomes necessary for the purpose of safeguarding the interest of first year policyholders to require such associations to make a deposit to be held as a guaranty fund to insure payment of claims arising in the first policy year. (It should be remembered that a small per cent of mutual associations elected to adopt the annual membership plan.)

"The laws prohibit the payment of claims arising in one group or class from funds belonging to another group or class. The deposits now held by the State Treasurer in accordance with Section 6 of Senate Bill 135, were made with funds belonging to other than first year policyholders and could, therefore, be used for their benefit only.

"In requiring such associations to make deposits to be held in trust for the purpose of guaranteeing the payment of claims that may not be paid from Mortuary Funds in which first year policyholders have no interest, the Board is confronted with the necessity of providing an authorized depository.

"Inasmuch as first year policyholders of such associations have no lawful interest in the deposit now maintained, and in the light of the law which requires that a deposit for the protection of policyholders' benefits be made with the State Treasurer, you are respectfully requested to give consideration to the acceptance of such deposits for the benefit of policyholders whose interests are not otherwise safeguarded."

For the purposes of this opinion we do not think it necessary to pass upon the conclusions as stated in the letter

Honorable Charley Lockhart, Page 3

last quoted above.

Article 4374, Vernon's Annotated Civil Statutes specifically provides:

"....The treasurer shall not keep or receive into the buildings, safes or vaults of the Treasury any money, or the representation of money, belonging to any individual except in cases expressly provided for by law...."

After carefully considering Senate Bill No. 135, Acts of the 46th Legislature, 1939, we find no provisions therein authorizing the Board of Insurance Commissioners to require the deposit mentioned above. Neither do we find any provison in said Act authorizing the State Treasurer to accept and hold as custodian the additional deposit above referred to.

Therefore, your question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED DEC 14, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

